
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Docket No.:

---

ABEL ESTRADA and ESTRADA ENTERPRISES, INC.,
        Plaintiff,

-against-

MARITZA E. MEYER, STEPHEN MEYER, UN MISSION OF ROMANIA, MARIN MIHAI, MAGDALENA T. SOBOTA, ELRAC INC., ALLAN B. GOLDMAN, VIRAVAN TANGTONG and DUSIT TANGTONG, SEAN HAGGERTY and TARA A. HAGGERTY, GELCO CORP., WILLIAM WALDOF, WALTER GRADOS, KATTY VILLACORTA, DONALD B. FRAZER and SHANNON J. RICHTER,
        Defendants.

**COMPLAINT**

CV12-481

**Plaintiff Demands Trial by Jury**

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ FEB 01 2012 ★
BROOKLYN OFFICE

WEINSTEIN, J.
MANN. M.J.

---

    Plaintiff, by his attorneys, **SACCO & FILLAS, LLP**, complaining of the defendant, respectfully set forth and allege:

## THE PARTIES

    1. The Plaintiff, ABEL ESTRADA, at all times herein mentioned was and still is a resident of the County of Queens, City and State of New York.

    2. The plaintiff, ESTRADA ENTERPRISES INC., at all times herein mentioned was and still is a corporation organized and existing under the laws of New York and authorized to do business in the State of New York.

    3. The defendant, MARITZA MEYER, at all times herein mentioned was and still is a resident of the County of Nassau and the State of New York.

    4. The defendant, STEPHEN MEYERS, at all times herein mentioned was and still is a resident of the County of Nassau and the State of New York.

    5. The defendant, MIRAN MIHAI, at all times herein mentioned was and still is a resident of the County of New York and the State of New York.

4

6. The defendant, MAGDALENA T. SEBOTA, at all times herein mentioned was and still is a resident of the County of Kings and the State of New York.

7. The defendant ELRAC, INC, at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business situated in the County of Queens and the State of New York.

8. The defendant ELRAC, INC, at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

9. The defendant, ELRAC, INC, at all times herein mentioned conducted and carried on business in the County of Queens and the State of New York.

10. The defendant, ELRAC, INC, at all times herein mentioned was and still is a partnership doing business in the County of Queens and the State of New York.

11. The defendant, ELRAC, INC, at all times herein mentioned was and still is a limited liability partnership doing business in the County of Queens and the State of New York.

12. The defendant, ELRAC, INC, at all times herein mentioned was and still is a limited liability corporation doing business in the County of Queens and the State of New York.

13. The defendant, ELRAC, INC, at all times herein mentioned was and still is a sole proprietorship doing business in the County of Queens and the State of New York.

14. At all times herein mentioned, defendant ELRAC, INC transacted business within the State of New York.

15. At all times herein mentioned, defendant ELRAC, INC derived substantial revenue from goods used or consumed or services rendered in the State of New York.

16. At all times herein mentioned, defendant ELRAC, INC expected or should reasonably have expected its acts to have consequences in the State of New York.

17. At all times herein mentioned, defendant ELRAC, INC derived substantial revenue from interstate or international commerce.

18. The defendant, ALLAN B. GOLDMAN, at all times herein mentioned was and still is a resident of the County of Fulton and the State of Georgia.

5

19. The defendant, VIRAVAN TANGTON, at all times herein mentioned was and still is a resident of the County of Bronx and the State of New York.

20. The defendant, DUSIT TANGTONG, at all times herein mentioned was and still is a resident of the County of Bronx and the State of New York.

21. The defendant, SEAN HAGGERTY, at all times herein mentioned was and still is a resident of the County of New Haven and the State of Connecticut.

22. The defendant, TARA A. HAGGERTY, at all times herein mentioned was and still is a resident of the County of New Haven and the State of Connecticut.

23. The defendant GELCO CORP., at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business situated in the County of Hennepin and the State of Minnesota.

24. The defendant GELCO CORP., at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

25. The defendant, GELCO CORP., at all times herein mentioned conducted and carried on business in the County of Queens and the State of New York.

26. The defendant, GELCO CORP., at all times herein mentioned was and still is a partnership doing business in the County of Queens and the State of New York.

27. The defendant, GELCO CORP., at all times herein mentioned was and still is a limited liability partnership doing business in the County of Queens and the State of New York.

28. The defendant, GELCO CORP, at all times herein mentioned was and still is a limited liability corporation doing business in the County of Queens and the State of New York.

29. The defendant, GELCO CORP., at all times herein mentioned was and still is a sole proprietorship doing business in the County of Queens and the State of New York.

30. At all times herein mentioned, defendant GELCO CORP., transacted business within the State of New York.

31. At all times herein mentioned, defendant GELCO CORP., derived substantial revenue from goods used or consumed or services rendered in the State of New York.

32. At all times herein mentioned, defendant GELCO CORP., expected or should reasonably have expected its acts to have consequences in the State of New York.

33. At all times herein mentioned, defendant GELCO CORP., derived substantial revenue from interstate or international commerce.

34. The defendant GELCO CORP., at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business situated in the County of Hennepin and the State of Minnesota.

35. The defendant, WILLIAM WALDORF, at all times herein mentioned was and still is a resident of the County of Westchester and the State of New York.

36. The defendant, WALTER GRADOS, at all times herein mentioned was and still is a resident of the County of Queens and the State of New York.

37. The defendant, KATTY VILLACORTA, at all times herein mentioned was and still is a resident of the County of Queens and the State of New York.

38. The defendant, DONALD B. FRAZER, at all times herein mentioned was and still is a resident of the County of New York and the State of New York.

39. The defendant, SHANNON J. RICHTER, at all times herein mentioned was and still is a resident of the County of New York and the State of New York.

## JURISDICTION AND VENUE

40. Jurisdiction exists pursuant to 28 U.S.C. §1351, on defendants UN MISSION OF ROMANIA and MIRAN MIHAI.

41. Venue is founded upon 28 U.S.C. § 254a.

SACCO & FILLAS, LLP

## GENERAL ALLEGATIONS

44. At all relevant times, plaintiff, ABEL ESTRADA, was a resident of 129-12 20th Avenue, Apt. 1, College Point, NY 11356.

45. At all relevant times, plaintiff, ESTRADA ENTERPRISES, INC., maintains its principle place of business at 129-12 20th Avenue, Apt. 1, College Point, NY 11356.

46. On or about June 7, 2009, plaintiff, ESTRADA ENTERPRISES, INC., owned a 2001 Ford, bearing license plate number 45873JW.

47. On or about June 7, 2009, plaintiff, ABEL ESTRADA, was the operator of a 2001 Ford, bearing license plate number 45873JW.

48. On or about June 7, 2009, defendant MARITZA MEYER was the registered owner of a certain 2005 Lexus automobile, bearing license plate number CZM4326.

49. On or about June 7, 2009, defendant MARITZA MEYER was the titled owner of a certain 2005 Lexus automobile, bearing license plate number CZM4326.

50. On or about June 7, 2009, defendant MARITZA MEYER was the lessee of a certain 2005 Lexus automobile, bearing license plate number CZM4326.

51. On or about June 7, 2009, defendant MARITZA MEYER was the lessor of a certain 2005 Lexus automobile, bearing license plate number CZM4326.

52. On or about June 7, 2009, defendant MARITZA MEYER maintained a certain 2005 Lexus automobile, bearing license plate number CZM4326.

53. On or about June 7, 2009, defendant MARITZA MEYER controlled a certain 2005 Lexus automobile, bearing license plate number CZM4326.

54. On or about June 7, 2009, defendant STEPHEN MEYER was the operator of a certain 2005 Lexus automobile, bearing license plate number CZM4326.

8

SACCO & FILLAS, LLP

55. On or about June 7, 2009, the 2005 Lexus automobile bearing license plate number CZM4326 was being operated by defendant STEPHEN MEYER with the express knowledge, consent and/or on the business of its owner.

56. On or about June 7, 2009, UN MISSION OF ROMANIA was the registered owner of a certain 2004 Nissan automobile, bearing license plate number 025NDD.

57. On or about June 7, 2009, UN MISSION OF ROMANIA was the titled owner of a certain 2004 Nissan automobile, bearing license plate number 025NDD.

58. On or about June 7, 2009, UN MISSION OF ROMANIA was the lessee of a certain 2004 Nissan automobile, bearing license plate number 025NDD.

59. On or about June 7, 2009, UN MISSION OF ROMANIA was the lessor of a certain 2004 Nissan automobile, bearing license plate number 025NDD.

60. On or about June 7, 2009, UN MISSION OF ROMANIA maintained a certain 2004 Nissan automobile, bearing license plate number 025NDD.

61. On or about June 7, 2009, UN MISSION OF ROMANIA controlled a certain 2004 Nissan automobile, bearing license plate number 025NDD.

62. On or about June 7, 2009, defendant MIRAN MIHAI was the operator of a certain 2004 Nissan automobile, bearing license plate number 025NDD.

63. On or about June 7, 2009, the 2004 Nissan automobile bearing license plate number 025NDD was being operated by defendant MIRAN MIHAI with the express knowledge, consent and/or on the business of its owner.

64. On or about June 7, 2009, defendant MAGDALENA T. SOBOTA was the registered owner of a certain 2008 Suzuki automobile, bearing license plate number EBB8265.

65. On or about June 7, 2009, defendant MAGDALENA T. SOBOTA was the titled owner of a certain 2008 Suzuki automobile, bearing license plate number EBB8265.

66. On or about June 7, 2009, defendant MAGDALENA T. SOBOTA maintained a certain 2008 Suzuki automobile, bearing license plate number EBB8265.

67. On or about June 7, 2009, defendant MAGDALENA T. SOBOTA controlled a certain

9

2008 Suzuki automobile, bearing license plate number EBB8265.

68. On or about June 7, 2009, defendant MAGDALENA T. SOBOTA was the lessee of a certain 2008 Suzuki automobile, bearing license plate number EBB8265.

69. On or about June 7, 2009, defendant MAGDALENA T. SOBOTA was the lessor of a certain 2008 Suzuki automobile, bearing license plate number EBB8265.

70. On or about June 7, 2009, defendant MAGDALENA T. SOBOTA was the operator of a certain 2008 Suzuki automobile, bearing license plate number EBB8265.

71. On or about June 7, 2009, defendant ELRAC, INC was the registered owner of a certain 2009 Chevrolet automobile, bearing license plate number 256W60.

72. On or about June 7, 2009, defendant ELRAC, INC was the titled owner of a certain 2009 Chevrolet automobile, bearing license plate number 256W60.

73. On or about June 7, 2009, defendant ELRAC, INC was the lessee of a certain 2009 Chevrolet automobile, bearing license plate number 256W60.

74. On or about June 7, 2009, defendant ELRAC, INC was the lessor of a certain 2009 Chevrolet automobile, bearing license plate number 256W60.

75. On or about June 7, 2009, defendant ELRAC, INC maintained a certain 2009 Chevrolet automobile, bearing license plate number 256W60.

76. On or about June 7, 2009, defendant ELRAC, INC controlled a certain 2009 Chevrolet automobile, bearing license plate number 256W60.

77. On or about June 7, 2009, defendant ALLAN B. GOLDMAN was the operator of a certain 2009 Chevrolet automobile, bearing license plate number 256W60.

78. On or about June 7, 2009, the 2009 Chevrolet automobile bearing license plate number 256W60 was being operated by defendant ALLAN B. GOLDMAN with the express knowledge, consent and/or on the business of its owner.

79. On or about June 7, 2009, defendant VIRAVAN TANGTON was the registered owner of a certain 2003 Honda automobile, bearing license plate number A977750.

80. On or about June 7, 2009, defendant VIRAVAN TANGTON was the titled owner of

SACCO & FILLAS, LLP

a certain 2003 Honda automobile, bearing license plate number A977750.

81. On or about June 7, 2009, defendant VIRAVAN TANGTON was the lessee of a certain 2003 Honda automobile, bearing license plate number A977750.

82. On or about June 7, 2009, defendant VIRAVAN TANGTON was the lessor of a certain 2003 Honda automobile, bearing license plate number A977750.

83. On or about June 7, 2009, defendant VIRAVAN TANGTON maintained a certain 2003 Honda automobile, bearing license plate number A977750.

84. On or about June 7, 2009, defendant VIRAVAN TANGTON controlled a certain 2003 Honda automobile, bearing license plate number A977750.

85. On or about June 7, 2009, defendant DUSIT TANGTON was the operator of a certain 2003 Honda automobile, bearing license plate number A977750.

86. On or about June 7, 2009, the 2003 Honda automobile bearing license plate number A977750 was being operated by defendant DUSIT TANGTON with the express knowledge, consent and/or on the business of its owner.

87. On or about June 7, 2009, defendant SEAN HAGGERTY was the registered owner of a certain 2003 Toyota automobile, bearing license plate number 377RKZ.

88. On or about June 7, 2009, defendant SEAN HAGGERTY was the titled owner of a certain 2003 Toyota automobile, bearing license plate number 377RKZ.

89. On or about June 7, 2009, defendant SEAN HAGGERTY was the lessee of a certain 2003 Toyota automobile, bearing license plate number 377RKZ.

90. On or about June 7, 2009, defendant SEAN HAGGERTY was the lessor of a certain 2003 Toyota automobile, bearing license plate number 377RKZ.

91. On or about June 7, 2009, defendant SEAN HAGGERTY maintained a certain 2003 Toyota automobile, bearing license plate number 377RKZ.

92. On or about June 7, 2009, defendant SEAN HAGGERTY controlled a certain 2003 Toyota automobile, bearing license plate number 377RKZ.

93. On or about June 7, 2009, defendant TARA A. HAGGERTY was the operator of a

SACCO & FILLAS, LLP

certain 2003 Toyota automobile, bearing license plate number 377RKZ.

94. On or about June 7, 2009, the 2003 Toyota automobile bearing license plate number 377RKZ was being operated by defendant TARA A. HAGGERTY with the express knowledge, consent and/or on the business of its owner.

95. On or about June 7, 2009, defendant GELCO CORP. was the registered owner of a certain 2008 Ford automobile, bearing license plate number 484NHO.

96. On or about June 7, 2009, defendant GELCO CORP. was the titled owner of a certain 2008 Ford automobile, bearing license plate number 484NHO.

97. On or about June 7, 2009, defendant GELCO CORP. was the lessee of a certain 2008 Ford automobile, bearing license plate number 484NHO.

98. On or about June 7, 2009, defendant GELCO CORP. was the lessor of a certain 2008 Ford automobile, bearing license plate number 484NHO.

99. On or about June 7, 2009, defendant GELCO CORP. maintained a certain 2008 Ford automobile, bearing license plate number 484NHO.

100. On or about June 7, 2009, defendant GELCO CORP. controlled a certain 2008 Ford automobile, bearing license plate number 484NHO.

101. On or about June 7, 2009, defendant WILLIAM WALDORF was the operator of a certain 2008 Ford automobile, bearing license plate number 484NHO.

102. On or about June 7, 2009, the 2008 Ford automobile bearing license plate number 484NHO was being operated by defendant WILLIAM WALDORF with the express knowledge, consent and/or on the business of its owner.

103. On or about June 7, 2009, defendant WALTER GRADOS was the registered owner of a certain 2000 Chevrolet automobile, bearing license plate number BPG6476.

104. On or about June 7, 2009, defendant WALTER GRADOS was the titled owner of a certain 2000 Chevrolet automobile, bearing license plate number BPG6476.

105. On or about June 7, 2009, defendant WALTER GRADOS was the lessee of a certain 2000 Chevrolet automobile, bearing license plate number BPG6476.

SACCO & FILLAS, LLP

106. On or about June 7, 2009, defendant WALTER GRADOS was the lessor of a certain 2000 Chevrolet automobile, bearing license plate number BPG6476.

107. On or about June 7, 2009, defendant WALTER GRADOS maintained a certain 2000 Chevrolet automobile, bearing license plate number BPG6476.

108. On or about June 7, 2009, defendant WALTER GRADOS controlled a certain 2000 Chevrolet automobile, bearing license plate number BPG6476.

109. On or about June 7, 2009, defendant KATTY VILLACORTA was the operator of a certain 2000 Chevrolet automobile, bearing license plate number BPG6476.

110. On or about June 7, 2009, the 2000 Chevrolet automobile bearing license plate number BPG6476 was being operated by defendant KATTY VILLACORTA with the express knowledge, consent and/or on the business of its owner.

111. On or about June 7, 2009, defendant DONALD B. FRAZER was the registered owner of a certain 1997 Honda Acura automobile, bearing license plate number CVR1383.

112. On or about June 7, 2009, defendant DONALD B. FRAZER was the titled owner of a certain 1997 Honda Acura automobile, bearing license plate number CVR1383.

113. On or about June 7, 2009, defendant DONALD B. FRAZER was the lessee of a certain 1997 Honda Acura automobile, bearing license plate number CVR1383.

114. On or about June 7, 2009, defendant DONALD B. FRAZER was the lessor of a certain 1997 Honda Acura automobile, bearing license plate number CVR1383.

115. On or about June 7, 2009, defendant DONALD B. FRAZER maintained a certain 1997 Honda Acura automobile, bearing license plate number CVR1383.

116. On or about June 7, 2009, defendant DONALD B. FRAZER controlled a certain 1997 Honda Acura automobile, bearing license plate number CVR1383.

117. On or about June 7, 2009, defendant SHANNON J. RICHTER was the operator of a certain 1997 Honda Acura automobile, bearing license plate number CVR1383.

118. On or about June 7, 2009, the 1997 Honda Acura automobile bearing license plate number CVR1383 was being operated by defendant SHANNON J. RICHTER with the express

SACCO & FILLAS, LLP

knowledge, consent and/or on the business of its owner.

119. Solely as a result of the defendant's negligence, carelessness and recklessness the plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, that the plaintiff was subjected to great physical pain and mental anguish.

120. As a result of the foregoing, the plaintiff ABEL ESTRADA sustained serious personal injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and/or economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

121. The afore described accident was caused by the negligent operation and control of the defendants MARITZA E. MEYER, STEPHEN MEYER, UN MISSION OF ROMANIA, MARIN MIHAI, MAGDALENA T. SOBOTA, ELRAC INC., ALLAN B. GOLDMAN, VIRAVAN TANGTONG and DUSIT TANGTONG, SEAN HAGGERTY and TARA A. HAGGERTY, GELCO CORP., WILLIAM WALDOF, WALTER GRADOS, KATTY VILLACORTA, DONALD B. FRAZER and SHANNON J. RICHTER motor vehicles in that they operated the said motor vehicles in a reckless and careless manner and at an excessive rate of speed; in failing to keep their motor vehicle under proper control; in failing to give plaintiff's motor vehicle the right of way; in failing to take proper notice of the presence of plaintiff's motor vehicle; in failing to operate their motor vehicle in a reasonable and prudence manner, so as to avoid striking the plaintiff's motor vehicle; in operating their motor vehicle in such a manner as to unreasonably interfere with the proper and free use of the highway by others including the plaintiff; in operating their motor vehicle in an unreasonable manner so as to endanger users of the public highway including the plaintiff' in failing to keep a proper and adequate lookout in the direction of travel; in improperly blocking and obstructing a public highway; in failing to have due regard for motor vehicles on the road; in following too closely another motor vehicle and in failing to maintain a reasonable distance between them; in failing to give any warning of their approach; in colliding with the plaintiff's motor vehicle; in failing to properly, adequately and safely maintain defendant's vehicle.

120. The aforesaid occurrence was caused by the negligence of the defendants, without any culpable conduct on the part of the plaintiff.

121. Due to defendant's negligence, plaintiff, ABEL ESTRADA, is entitled to damages.

## AS AND FOR A SECOND CAUSE OF ACTION

122. Plaintiffs, ABEL ESTRADA and ESTRADA ENTERPRISES, INC., repeat and reallege each and every allegation contained in paragraphs numbered "1" through "123" of the Complaint as if fully set forth at length herein.

123. Solely as a result of defendants' negligence, carelessness and recklessness, the plaintiffs were caused to miss approximately one month from work and was caused to sustain a loss of income or earning capacity.

**WHEREFORE**, the plaintiff demands:

    a. judgment awarding damages on the first cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

    b. judgment awarding damages on the second cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

    c. interest, the costs and disbursements of this action, together with such other and further relief as to this Court deems just and proper.

Dated: Whitestone, New York
       January 3, 2012

By: LARRY BADASH (LB-0041)
SACCO & FILLAS, LLP
Attorneys for Plaintiff
141-07 20th Avenue
Suite 506
Whitestone, New York 11357
(718) 746-3440
Our File No.: 7636-10

15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ABEL ESTRADA and ESTRADA ENTERPRISES INC., | Docket No.
Plaintiff,

-against- | **ATTORNEY'S VERIFICATION**

MARITZA E. MEYER, STEPHEN MEYER, UN MISSION OF ROMANIA, MARIN MIHAI, MAGDALENA T. SOBOTA, ELRAC INC., ALLAN B. GOLDMAN, VIRAVAN TANGTONG and DUSIT TANGTONG, SEAN HAGGERTY and TARA A. HAGGERTY, GELCO CORP., WILLIAM WALDOF, WALTER GRADOS, KATTY VILLACORTA, DONALD B. FRAZER and SHANNON J. RICHTER,
Defendants.

---

Larry Badash, an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

I am of the firm of SACCO & FILLAS, LLP, the attorneys of record for the plaintiff.

I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

This verification is made by affirmant and not by plaintiff because plaintiff is not within the County of Queens, which is the county where your affirmant has his office. Your Affirmant further says that the grounds of his belief as to all matters in the complaint not stated to be upon his knowledge are based upon a file maintained by your affirmant's office.

Dated: Whitestone, New York
January 3, 2012

_____
LARRY BADASH, ESQ. (LB-0041)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABEL ESTRADA and ESTRADA ENTERPRISES INC., | Docket No. |
| Plaintiff, | |
| -against- | **RULE 7.1 STATEMENT** |
| MARITZA E. MEYER, STEPHEN MEYER, UN MISSION OF ROMANIA, MARIN MIHAI, MAGDALENA T. SOBOTA, ELRAC INC., ALLAN B. GOLDMAN, VIRAVAN TANGTONG and DUSIT TANGTONG, SEAN HAGGERTY and TARA A. HAGGERTY, GELCO CORP., WILLIAM WALDOF, WALTER GRADOS, KATTY VILLACORTA, DONALD B. FRAZER and SHANNON J. RICHTER, | |
| Defendants. | |

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, plaintiff ESTRADA ENTERPRISES, INC., makes the following disclosure: ESTRADA ENTERPRISES, INC is a non-governmental corporation; ESTRADA ENTERPRISES, INC. is not a publicly held corporation; has no corporate parents; and that no publicly held corporation owns 10% or more of ESTRADA ENTERPRISES.

Dated: Whitestone, New York
January 3, 2012

By: LARRY BADASH (LB-0041)
SACCO & FILLAS, LLP
Attorneys for Plaintiff
141-07 20th Avenue
Suite 506
Whitestone, New York  11357
(718) 746-3440
Our File No.: 7636-10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ABEL ESTRADA and ESTRADA ENTERPRISES INC.,
      Plaintiff,

-against-

MARITZA E. MEYER, STEPHEN MEYER, UN MISSION OF ROMANIA, MARIN MIHAI, MAGDALENA T. SOBOTA, ELRAC INC., ALLAN B. GOLDMAN, VIRAVAN TANGTONG and DUSIT TANGTONG, SEAN HAGGERTY and TARA A. HAGGERTY, GELCO CORP., WILLIAM WALDOF, WALTER GRADOS, KATTY VILLACORTA, DONALD B. FRAZER and SHANNON J. RICHTER,
      Defendants.

DOCKET NO.:

**INDIVIDUAL VERIFICATION**

---

STATE OF NEW YORK )
       ) ss.:
COUNTY OF QUEENS

  ABEL ESTRADA, being duly sworn, deposes and says:

  That I am the plaintiff in the within action.

  I have read the foregoing Complaint and know the contents thereof and the same is true to the best of my knowledge, except as to those matters herein stated to be alleged upon information and belief and that as to those matters, I believe them to be true.

x _____
ABEL ESTRADA

Sworn to before me this
23rd day of January, 2012

_____
NOTARY PUBLIC

VICKY NUNEZ
Notary Public, State of New York
No. 01NU6155056
Qualified in Nassau County
Commission Expires October 23, 2014

SACCO & FILLAS, LLP